UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIFFANY JAMIL FLENAUGH,<br><br>                      Plaintiff,<br><br>       v.<br><br>DEPARTMENT OF CORRECTIONS,<br><br>                      Defendant. | CASE NO. 3:23-CV-5802-BHS<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: October 6, 2023 |

The District Court has referred Plaintiff Tiffany Jamil Flenaugh's pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 11-22. On September 7, 2023, Flenaugh filed a proposed civil complaint and an application to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkts. 1; 1-1.

In determining whether IFP should be granted in this case, the Court has reviewed the proposed complaint and finds the Court lacks jurisdiction to hear this case. Therefore, the Court recommends this case be dismissed and Flenaugh's Application to Proceed IFP (Dkt. 1) be denied.

REPORT AND RECOMMENDATION - 1

**I.    Background**

In the proposed complaint, Flenaugh alleges the Alaska Department of Corrections failed to return Flenaugh's purse to her when she was released from the Fairbanks Correctional Center on October 7, 2021. Dkt. 1-1 at 5. Plaintiff states the basis of this Court's jurisdiction is diversity and she states the nature of the suit is a tort – other personal property damage. *See* Dkts. 1-1, 1-2.

**II.    Discussion**

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the "privilege of pleading *in forma pauperis* . . . in civil actions for damages should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). The Court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

Notwithstanding IFP status, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. §1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim).

Unless it is clear a *pro se* plaintiff cannot cure the deficiencies of a complaint, the Court will provide the *pro se* plaintiff with an opportunity to amend the complaint to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal

without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

In the proposed complaint, Flenaugh states this Court has jurisdiction over this case through diversity jurisdiction. Dkt. 1-1 at 4. "The district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, . . .and is between citizens of different states[.]" 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity of citizenship, *i.e.*, that every plaintiff be a citizen of a different state from every defendant. *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).

Flenaugh resides in Washington State and she is suing the Alaska Department of Corrections. Dkt. 1-1. As such, there are sufficient allegations showing complete diversity of citizenship of the parties and the central question is whether the amount in controversy has been met. Flenaugh does not state a specific amount in controversy in the proposed complaint; however, Flenaugh is seeking damages based on the failure to return her purse and, in the civil cover sheet, states that her demand is $18,087.00. Dkt. 1-2. As Flenaugh is demanding well-under $75,000.00, the Court finds Flenaugh has not met amount in controversy requirements necessary for this Court to have jurisdiction over her case.[1]

### III. Conclusion

As Flenaugh as not met the amount in controversy requirements, there is no original jurisdiction through diversity and this Court lacks jurisdiction to hear this case. Based on the allegations contained in the record, the Court finds Flenaugh cannot cure the deficiencies of her

---

[1] The Court notes that, if Flenaugh was raising a federal question, the proper venue appears to be Alaska.

REPORT AND RECOMMENDATION - 3

proposed complaint. Accordingly, the Court recommends this case be dismissed and Flenaugh's Application to Proceed IFP (Dkt. 1) be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on October 6, 2023, as noted in the caption.

Dated this 15th day of September, 2023.

David W. Christel
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 4